SUÁREZ ACEVEDO *v.* SOLÁ.

APPEAL from the District Court of San Juan.

No. 42.—Decided January 31, 1906.

APPEAL—OBJECTIONS TO EVIDENCE.—Where an objection is made to the evidence on the ground that the same is insufficient, it must be stated in what such insufficiency consists.

Id.—Stenographer's Notes—Bill of Exceptions—Statement of Facts.—The notes taken by the stenographer during the course of a trial do not in themselves possess the necessary legal efficacy to warrant the court in considering them the same as a bill of exceptions or statement of facts.

Id.—Consideration of Evidence Taken at Trial—Sufficiency of Same.—In order that the Supreme Court may consider on appeal the evidence taken at the trial to determine whether or not it is sufficient to warrant the prosecution of the action, it is necessary that it be presented in a bill of exceptions or statement of facts, agreed to by both parties if possible, and in every case by the judge.

Id.—Weighing Evidence.—Where there is no bill of exceptions or statement of facts, it will be presumed that the judge of the trial court duly weighed the evidence introduced at the trial, because the appellate court is without the means to determine to the contrary.

The facts are stated in the opinion.

*Mr. Torres Monge* for appellant.

*Mr. Miguel Guerra* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

On October 20, 1904, the commercial firm of Suárez Acevedo, doing business in Rio Grande, brought an action in the Municipal Court of Carolina against José Solá Morales, alleging that the latter owed it the sum of $470.31, being the balance of the account current of the defendant with the plaintiff firm from December 27, 1901, to September 30, 1904, payment of which it had been impossible to secure, notwithstanding the numerous friendly efforts made to such end, the complaint concluding with the prayer that Solá Morales be adjudged to pay the sum claimed, and the costs.

José Solá Morales, the defendant, in answering the complaint generally and specifically denied each and every one of the material allegations contained therein, and prayed for the dismissal thereof and that the costs should be taxed against the plaintiff.

The hearing having been had on December 2, 1904, the Municipal Court of Carolina rendered judgment holding that the law and the facts were in favor of the plaintiff, and, consequently, adjudged that the latter recover from the defendant the sum of $470, plus interest at the rate of 1 per cent until the execution of the judgment, and the costs of the proceedings.

Counsel for José Solá Morales took an appeal from this judgment to the District Court of San Juan, which decided the appeal by its judgment of March 11, 1905, reading as follows:

"On this 11th day of March, 1905, in open court, this case was called in its regular order, both parties, through their respective counsel, stating that they were prepared. Counsel for the plaintiff and respondent made his argument, after which counsel for the defendant and appellant made his. The plaintiff and respondent submitted his evidence, which was heard; and the defendant and appellant did the same, which was likewise heard; and, finally, both parties made their closing arguments. And the court, after having heard the allegations, the evidence and the arguments, is of the opinion that the law and the facts are in favor of the defendant and appellant; and, therefore, renders judgment ordering, as it does order, that the plaintiff and respondent is not entitled to recover from the defendant and appellant in this action, and that the said defendant and appellant be relieved of any obligation with respect to this complaint, the costs being taxed against the plaintiff and respondent, and that execution issue against its property for the satisfaction of this judgment, which shall be entered in the judgment book of this court."

An appeal from this judgment deciding the appeal was taken by the plaintiff, whose counsel filed in this court, authorized by his signature, a copy of·the complaint of Suárez Acevedo filed in the Municipal Court of Carolina, a copy of the answer to said complaint, a summary of the proceedings had, including a copy of the judgment of said municipal court, a copy of the appeal taken from the judgment, the stenographic notes showing the testimony of a number of witnesses in the District Court of San Juan, who testified on said appeal, of the opinion of the judge of San Juan taken down by the reporter, and of the judgment deciding the appeal as transcribed above.

The appellant firm, in its argument before this Supreme Court, alleges as the material ground of the appeal, that the testimony of the witnesses who testified at the trial held in the District Court of San Juan constitutes sufficient proof of

their right of action, while the respondent maintains the insufficiency of such evidence in praying for the affirmation of the judgment appealed from.

In view of the points raised in the discussion, it naturally becomes necessary for us to consider whether the testimony embodied in the notes of the reporter of said San Juan court, the only evidence heard in the proceedings, can be taken as a basis for the decision of the appeal.

Section 212 of the Code of Civil Procedure defines an exception; the following section enumerates a number of decisions which must be considered as excepted to by virtue of the provisions of the law, among them being a final decision in an action or proceeding, while section 214 provides as follows:

"No particular form of exception is required, but when the exception is upon the ground of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated with so much of the evidence or other matter as is necessary to explain it, and no more. Only the substance of the reporter's notes of the evidence shall be stated. Documents on file in the action or proceeding may be copied, or the substance thereof stated, or a reference thereto, sufficient to identify them, may be made."

As the insufficiency of the evidence can be alleged only when the findings of the judge thereon are known, and such findings cannot be ascertained until judgment has been rendered, it is evident that it is not until after the rendition of judgment that such findings can be attacked, and then the party prejudiced must comply with the provisions of said section 214, which establishes the mode of excepting to the sufficiency of the evidence.

We must repeat here, as of application to the appeal, what Mr. Justice Wolf said in delivering the opinion of this court in the case of *The People of Porto Rico* v. *Juana and Pascual Borrás* (9 P. R. Rep., p. 370), decided November 24, 1905.

"In the case before us there is neither objection nor exception, hence there is no way for this court to weigh the evidence or to determine whether The People of Porto Rico proved its case as alleged. Nothing appears in the record to show that the appellants made any objection below on the ground of the insufficiency of the evidence. The rest of section 214 excludes the idea that the reporter's notes form part of the record, and it says: 'Only the substance of the reporter's notes of the evidence shall be stated.' "

The reporter's notes of the evidence taken at the hearing, do not *per se* have the legal efficiency necessary for the court of appeals to give them the same legal value as a bill of exceptions or a statement of facts signed by counsel for both parties, when an agreement exists, and in every case approved by the judge of the lower court.

These notes are subject to error, and may be attacked by the parties as well as by the judge, while a bill of exceptions or a statement of facts drawn as prescribed by law are worthy of full credit, being, as they are, a true reflection of the acts which served as a basis for the judgment appealed from.

No statement of facts possessing the guarantees required by the law having been presented we cannot take into consideration the evidence of the witnesses which has come to this Supreme Court in the form of reporter's notes, and we must therefore assume that the judge found thereon correctly until the contrary be proved—a showing which should have been made by a bill of exceptions, or, better still, by a statement of facts.

For the reasons stated we are of opinion that the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.